# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CAUSE NO.: 1:73-CR-32-HAB |
| MALCOLM L. SCARBROUGH[1] | |

## OPINION AND ORDER

This matter is before the Court on a Motion for Appointment of Counsel [ECF No. 2], that Defendant Malcolm L. Scarbrough has filed in connection with this 1973 criminal case. Defendant asserts that he is entitled to a modification of his sentence pursuant to recent amendments to 18 U.S.C. § 3582(c) as part of the First Step Act. One of the changes brought about by the First Step Act (§ 603) is that prisoners can now move for a reduction in their sentence under 18 U.S.C. § 3582(c)(1)(A) if the warden has not been responsive for 30 days, or the Defendant has exhausted Bureau of Prisons (BOP) administrative appeals. Prior to the FSA, only the Director of the BOP could file a motion for compassionate release. Defendant maintains that he is a good candidate for compassionate release under the FSA, and that the it has been more than 30 days since the Director of the BOP has responded to his request.

The Government has filed a response in opposition [ECF No. 5], and the United States Probation and Pretrial Services has submitted a status for the Court's consideration [ECF No. 6]. The Government's Response notes that neither 18 U.S.C. § 3582, nor the First Step Act's amendments to 18 U.S.C. § 3582, are applicable to Defendant's sentence, which was imposed prior to § 3582's passage as a law. According to the probation officer's memorandum, the

---

[1] The recent filings in this case use a different spelling of Defendant's name: Scarborough. However, the original docket, as well as the Federal Bureau of Prisons Inmate Locator website, show the correct spelling as Scarbrough.

probation officer made inquires with the BOP concerning Defendant's request for relief under the First Step Act. BOP records show that he last made a request, under 18 U.S.C. § 4205(g), in 2016.

Defendant filed a Reply [ECF No. 7], requesting that the Court construe his request for relief under a prior version of Federal Rule of Civil Procedure 35, and exercise its equitable authority to order his immediate release.

For the reasons stated herein, the Court finds that Defendant is not entitled to relief under the First Step Act, and that the appointment of counsel is not warranted.

## ANALYSIS

Compassionate release is the term used to describe early release from a term of imprisonment under "particularly extraordinary or compelling circumstances." 28 C.F.R. § 571.61. Two statutory provisions—18 U.S.C. § 4205(g) and 18 U.S.C. § 3582(c)—are relevant to the issue of when a sentencing court may reduce the sentence of a federally-convicted prisoner upon motion of the BOP. Congress repealed § 4205(g) in the Sentencing Reform Act of 1984 (SRA). SRA § 235(a)(1), Pub.L. 98-473, 98 Stat.2031-32, Oct. 12, 1984; as amended, Judicial Improvements Act of 1990 § 316, Pub.L. 101-650, 104 Stat. 5115, Dec. 1, 1990; Parole Commission Phaseout Act of 1996 § 2a, Pub.L. 104-232, 110 Stat. 3055, Oct. 2, 1996; 21st Century Department of Justice Appropriations Act § 11017(a), Pub.L. 107-273, 116 Stat. 1758, Nov. 2, 2002. The SRA replaced section 4205(g) with section 3582(c), which became effective on November 1, 1987. Amendments to the SRA explicitly provide that section 3582(c) would apply only to offenses occurring after its effective date. SRA § 235(a)(1); as amended Sentencing Reform Amendments Act of 1985 § 2, Pub.L. 99-217, 99 Stat. 1728, Dec. 26, 1985; Sentencing Act of 1987 § 2, Pub.L. 100-182, 101 Stat. 1266, Dec. 7, 1987.

The Senate Report on § 235(a)(1), the provision establishing the effective date of the SRA, states:

> The title will apply to any offense or other event occurring on or after the effective date. A sentence imposed before the effective date of the guidelines as to an individual imprisoned or on probation or parole on that date would not be affected by this title. *As to an offense committed prior to the effective date, the preexisting law will apply as to all substantive matters* including the imposable sentence.

S. Rep. No. 98-225, 98th Cong., 1st Sess. 189 reprinted in 1984 U.S. Code Cong. & Admin. News 3182, 3372 (emphasis added).

In 1973, Defendant was charged for his involvement in a bank robbery, pled guilty, and was sentenced. He was released to parole in 1996. When he violated his parole for commission of a new offense, he first served time for that offense. Defendant began serving his time on the parole violation, which relates back to his 1973 offense, on December 3, 2013. Defendant's release date is in April 2022, but he is scheduled to appear before the Parole Board in October 2019.

Because Defendant is serving a term of imprisonment that was imposed pre-Sentence Reform Act, the provisions of § 3582(c) do not apply to him. This means he cannot petition the Court directly for compassionate release or a reduction in his sentence. Rather, 18 U.S.C. § 4205(g), although repealed effective November 1, 1987, still applies to his incarceration. *See* 28 C.F.R. § 572.40. Relief under § 4205(g) requires a motion by the BOP. 28 C.F. R. §§ 571.60, 571.62; *see also United States v. Booker*, 543 U.S. 220, 300 (2005) (noting that under § 4205(g) "[s]entencing judges had the discretion to reduce a minimum term of imprisonment upon the recommendation of the Bureau of Prisons").

The BOP has not filed a motion for Defendants' release. Defendant hopes to remedy this by asking that the Court construe his request as one for relief under "Old Rule" 35. (Reply 3, ECF No. 7.) Defendant points to a case where the filing of a Rule 35 motion was prompted by the

passage of a new law that raised the minimum length of a prison sentence required to be imposed before an individual would become eligible for parole after serving one-third of his sentence—from the original one hundred and eighty days to more than one year. *United States v. Wigoda*, 417 F. Supp. 276, 277 n.2 (N.D. Ill. 1976). The defendant had been sentenced to a prison term of one year. To receive the benefit of the new law, he asked the court to reduce his sentence to a four-month term, or in the alternative, to resentence him to a term of one year and one day. *Id.* at 277. The court obliged by resentencing the defendant for a period of one year and one day, and designating that the defendant "shall become eligible for parole at the expiration of 4 months of said sentence." *Id.* However, the Parole Commission denied his request for parole. Rather than requiring the defendant to pursue the normal administrative and judicial channels for review of the hearing officers' determination, the court exercised its powers under Rule 35 to "provide for defendant's release within the period originally contemplated by this Court at the time of sentencing." *Id.* at 278.

No matter what discretion existed under the previous version of Rule 35, strict time limits still applied, unless the sentence was "illegal." The Credits to current Rule 35 provide:

> **Rule Applicable to Offenses Committed Prior to Nov. 1, 1987**
> This rule as in effect prior to amendment by Pub.L. 98-473 read as follows:
> **"Rule 35. Correction or Reduction of Sentence**
> **"(a) Correction of Sentence.** The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.
> **"(b) Reduction of Sentence.** A motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within 120 days after the sentence is imposed or probation is revoked, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction or probation revocation. The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision."

(Crim. R. Fed. P. 35, Credits.) Rule 35, as it applies to offenses committed prior to November 1, 1987, does not provide an alternative avenue of relief.

There is no inherent authority invested in a court to supply a lawyer at public expense. *See United States v. Foster*, 706 F.3d 887, 888 (7th Cir. 2013) (noting that "[t]he Constitution provides that '[n]o Money shall be drawn from the Treasury, but in Consequence of Appropriations made by Law' (Art. I § 9 cl. 7)"). Defendant's Motion, which is not "part of a criminal prosecution or a form of collateral attack" does not trigger the right to appointed counsel. *Id.* Moreover, to the extent Defendant's Motion asks for compassionate release, it must be denied without further inquiry on the basis that it was not filed by the BOP.

## CONCLUSION

For the reasons stated above, the Court DENIES Defendant's Motion for Appointment of Counsel [ECF No. 7], filed in connection with a request for modification of his term of imprisonment.

SO ORDERED on June 14, 2019.

      s/ *Holly A. Brady*
      JUDGE HOLLY A. BRADY
      UNITED STATES DISTRICT COURT