# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CAUSE NO.: 1:73-CR-32-HAB |
| MALCOLM L. SCARBROUGH[1] | |

## OPINION AND ORDER

Defendant Malcolm L. Scarbrough filed a motion for appointment of counsel in connection with this 1973 criminal case. Defendant asserted that he is entitled to a modification of his sentence pursuant to recent amendments to 18 U.S.C. § 3582(c) as part of the First Step Act, particularly the amendments related to compassionate release. The Court found that neither 18 U.S.C. § 3582, nor the First Step Act's amendments to 18 U.S.C. § 3582, are applicable to Defendant's sentence, which was imposed prior to § 3582's passage as a law.

> Because Defendant is serving a term of imprisonment that was imposed pre-Sentence Reform Act, the provisions of § 3582(c) do not apply to him. This means he cannot petition the Court directly for compassionate release or a reduction in his sentence. Rather, 18 U.S.C. § 4205(g), although repealed effective November 1, 1987, still applies to his incarceration. *See* 28 C.F.R. § 572.40. Relief under § 4205(g) requires a motion by the BOP. 28 C.F. R. §§ 571.60, 571.62; *see also United States v. Booker*, 543 U.S. 220, 300 (2005) (noting that under § 4205(g) "[s]entencing judges had the discretion to reduce a minimum term of imprisonment upon the recommendation of the Bureau of Prisons").

(6/14/19 Opinion and Order, ECF No. 8.)

Additionally, the Court noted that it was not invested with any inherent authority to supply a lawyer at public expense. *See United States v. Foster*, 706 F.3d 887, 888 (7th Cir. 2013) (noting that "[t]he Constitution provides that '[n]o Money shall be drawn from the Treasury, but in Consequence of Appropriations made by Law' (Art. I § 9 cl. 7)"). Defendant's Motion, which was

---

[1] The recent filings in this case use a different spelling of Defendant's name: Scarborough. However, the original docket, as well as the Federal Bureau of Prisons Inmate Locator website, show the correct spelling as Scarbrough.

not "part of a criminal prosecution or a form of collateral attack" did not trigger the right to appointed counsel. *Id.*

Since the Court issued its Opinion and Order, Defendant has submitted four additional filings: Affidavit in Support of Immediate Release signed by Thomas Cunningham [ECF No. 9]; Motion to Supplement Defendant's Reply to United States Response in Opposition for Appointment of Counsel [ECF No. 10][2]; Motion to Reconsider Appointing Counsel [ECF No. 11]; and Motion to Supplement Motion for Reconsideration [ECF No. 12]. None of the filings alter the conclusions the Court reached previously. To the extent Defendant has modified his request to seek appointment of counsel for the purpose of representing him before the United States Parole Commission [ECF No. 11 at 3], the Court is still without authority to appoint a lawyer at public expense. Defendant is free to pursue representation through the organization he identified in his Motion to Reconsider as one that may be interested in his case on a pro bono basis.

For these reasons, the Court DENIES AS MOOT the Motion to Supplement Defendant's Reply to United States Response in Opposition for Appointment of Counsel [ECF No. 10] and DENIES the Motion to Reconsider Appointing Counsel [ECF No. 11]. Because the Court considered the argument set forth in the Motion to Supplement Motion for Reconsideration [ECF No. 12], the Court GRANTS that Motion.

SO ORDERED on August 26, 2019.

 s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT

---

[2] These first two filing were likely submitted before Defendant received the Court's Opinion and Order.